No. 3042.

E. T. PARKER v. A. & X. BERNARD.

The plaintiff sues for the sum of $590 92, the amount of a conditional bond which reads as follows: "That whenever the syndic shall erase the tacit mortgage in favor of the minor Louis Roy, surviving child of Felicien Roy, which exists on the lot of ground and improvements, purchased by Auguste Bernard at the sale of E. T. Parker, syndic v. Joseph Grelier, No. — of the docket of the Second District Court of New Orleans, then and in that case this bond shall have force and virtue."

The defense that the tacit mortgage is not raised can not prevail. It is fully established that by order of court plaintiff paid Grelier the amount of the conditional bond, and that, if the minor ever had a tacit mortgage on the property, it was lost from failure to record the evidences of it prior to the first of January, 1870, under the provisions of the Constitution of 1868.

APPEAL from the Ninth District Court, parish of Orleans. *Cooley* J. *W. O. Denegre*, for plaintiff and appellee. *Sambola & Ducros*, for defendants and appellants.

TALIAFERRO, J. At a syndic's sale of an insolvent's estate made by the plaintiff, sheriff and ex-officio syndic, on May 1, 1858, there was adjudicated to one Grelier a certain piece of landed property on Magazine street for $5210 for which he paid part in cash and for the residue furnished notes. Having failed to pay the last note for $1953 75, Parker who held the note as syndic, sued out executory process against the property, and on the seventh of August, 1860, adjudicated it to A. Bernard one of the defendants for $5350 08, of which amount he paid $4759,08, and for the remainder he executed the bond now sued on for $590 92. The bond was executed for this reason : Bernard, after the property was adjudicated to him, set up an objection to paying the entire sum bid, on the ground that there existed a tacit mortgage against the property he purchased in favor of a minor child of Mrs. Voiselle, the insolvent, who formerly owned the property; that this mortgage subsisted for the sum of $590 92, the amount of the bond which was conditioned as follows: "That whenever the syndic shall erase the tacit mortgage in favor of the minor Louis Roy, surviving child of Felicien Roy, which exists on the lot of ground and improvements purchased by Auguste Bernard at the sale of E. T. Parker, syndic v. Joseph Grelier, No. — of the docket of the Second District Court

of New Orleans, then and in that case this bond shall have force and virtue. " This instrument was executed on the nineteenth of September, 1860. Grelier, against whom the executory proceedings had been taken, after the sale and the writ satisfied, took a rule on Parker to pay over to him the balance of the price of adjudication after satisfying the writ. This he did with the exception of the part represented by the bond, and answered that no part of the $590 92 had ever come into his hands, but that that sum was retained by Auguste Bernard out of the price of the property adjudicated to him on the seventh of August, 1860. Parker called the defendants and Esther Voiselle, tutrix of the minor, in warranty. Bernard answered declaring the mortgage was not erased, etc. The rule was tried in February, 1861, and was made absolute against Parker, who had judgment over against Bernard. An appeal to this court was taken and the judgment against Bernard was reversed. 18 An. 167. The ground on which the judgment was reversed was that it was not shown that Parker had paid the suspended sum due to Grelier.

This suit was instituted on the bond in June, 1866, and the judgment of the lower court was rendered in favor of the plaintiff on the twenty-eighth of April, 1870. The defendants have appealed.

The judgment was correctly rendered; it is fully established that Parker paid Grelier the amount of the bond and that if the minor ever had a tacit mortgage on the property it was lost from failure to record the evidences of it prior to first of January, 1870, under the provisions of the Constitution of 1868.

It is therefore ordered that the judgment of the lower court be affirmed with costs.

Rehearing refused.